

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:10-CR-40** |
| | § | |
| **EDDIE LEE DUNWOODY, JR.** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Eddie Lee Dunwoody, Jr., violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #63) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on December 27, 2018, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 17, 2011,The Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the after pleading guilty to the offense of Count 1: Felon in Possession of a Firearm, and Count 2: Possession with Intent to Distribute Less Than 50 Grams of a Mixture or Substance Containing Methamphetamine, both Class C felonies. Judge Heartfield sentenced Mr. Dunwoody to 100 months imprisonment on both counts, to be served concurrently, and to be followed by three (3) years of supervised release, subject to the standard conditions of release, plus special conditions to include drug treatment and a $200 special assessment.

On March 10, 2015, Judge Heartfield reduced Mr. Dunwoody's sentence from 100 months to 84 months. On April 11, 2017, Dunwoody completed his period of imprisonment and began

service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*The defendant shall not leave the judicial district without permission of the Court or probation officer.*

Specifically, the petition alleges that on August 20, 2017, Eddie Lee Dunwoody, Jr., was arrested by the Calcasieu Parish Sheriff's Office at Niblett's Bluff Park in Vinton, Louisiana, and charged with a number of offenses. Mr. Dunwoody did not have permission to be in Louisiana.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the matter proceeded to a final contested hearing, the Government would establish that Mr. Dunwoody was indeed arrested in Vinton, Louisiana, on August 20, 2017. He did not have permission from the Court or his probation officer to be outside the Eastern District of Texas.

Defendant, Eddie Lee Dunwoody, Jr., offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that was outside of the judicial district without permission in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by possessing a firearm. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon

finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is two (2) years because the original offenses of conviction were Class C felonies. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Eddie Lee Dunwoody, Jr., committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Eddie Lee Dunwoody, Jr., to serve a term of **two (2) months imprisonment with credit for time served in federal custody** and with no further term of supervision to follow.

The undersigned acknowledges that this recommended sentence constitutes a downward departure given that the suggested Guideline range is 7 to 13 months. The Government agreed to this lesser sentence and the Defendant's stated justification. In support, the Defendant noted that he already spent approximately a year in state custody in Louisiana for the underlying incident made the basis of the alleged violations in this revocation proceeding. The prosecutors in Louisiana opted to only proceed on 2 out of the 6 original charges brought against Mr. Dunwoody arising from the tragic accident occurring on August 20, 2017. Mr. Dunwoody had already served time for the incident and is also on parole in Texas. He has been sufficiently punished for his conduct and will continue to be monitored through parole. He also indicated that he will be able to maintain employment once released from prison and he offered a number of character letters. The evidence presented as a whole leads the Court to approve the proposed sentence for the revocation despite the fact that it falls well below the suggested Guideline range.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain

error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of December, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE